IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT AND SHELLAN ISACKSON FAMILY TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>Defendant. | CV 13–115–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Fireman's Fund Insurance Company's ("Fireman's") motion to dismiss or for a more definite statement (doc. 4). Fireman's asserts the claim must be dismissed because Plaintiff Robert and Shellan Isackson Family Trust ("the Trust") failed to plead its claim in accordance with Rule 8 of the Federal Rules of Civil Procedure and the pleading requirements as established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In the alternative, Defendant asks for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. For the reasons explained below, the motion will be denied.

This is an action arising out of Fireman's refusal to tender a defense for its

1

insureds, John and Nancy Streibich ("Streibichs"). The Streibichs sold property and a home to the Trust, and, after the sale, the Trust sued the Streibichs for, among other claims, negligence in the designing and selling of the home. Upon receiving notice of the claims filed against them, the Streibichs sought coverage and a defense from Fireman's. After Fireman's refused to defend, the Streibichs settled their claims with the Trust and assigned to the Trust their rights against Fireman's. The Trust now brings this action for declaratory judgment, insurance bad faith, breach of contract, and attorney's fees.

All of the above information is plainly set forth in the Trust's complaint. Attached to the complaint are several exhibits, including a copy of the original and amended complaints filed against the Streibichs, a copy of the two Fireman's insurance policies at issue, a copy of the letters of denial issued by Fireman's, and a copy of the Streibichs assignment of rights against Fireman's to the Trust. In addition, the complaint quotes portions of the insurance agreement under which the insurance company agrees to "provide a defense" against claims for which coverage applies. (Doc. 1 at 3). The Trust's complaint alleges that under the policy, Fireman's had a duty to defend, and that Fireman's breached its contract by failing to defend. The complaint also alleges that Fireman's "refusing to defend violates MCA 33-18-201 and -242." (Doc. 1 at 5). The complaint further alleges

that the Trust's claim for declaratory judgment is predicated on Fireman's refusal to defend.

In its motion, Fireman's asserts that the complaint fails to state a claim upon which relief can be granted because it contains only "naked assertions devoid of further factual enhancement." (Doc. 5 at 7, citing *Twombly*, 550 U.S. at 557). Fireman's asserts that the complaint must (1) describe which provisions of the insurance agreement were violated, (2) specify which provisions are at issue in the action for declaratory relief, (3) explain how the denial constitutes a breach of the insurance agreement, and (4) specify which claims in the underlying case triggered Fireman's duty to defend. Fireman's also complains that the complaint does not allege that its refusal to defend was wrongful and does not describe the provisions of the UTPA under which the Trust is bringing its claims.

Rule 8 of the Federal Rules of Civil Procedure requires, in pertinent part, that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, 677-678, (quoting *Twombly*, 550 U.S. at 570.)

The Court finds that the Trust's complaint meets the standard required by Rule 8 and the interpretive case law. The complaint quotes the policy language in

3

which Fireman's agreed to defend against claims for which coverage applies. This sufficiently describes the provision(s) of the insurance agreements that the Trust alleges were violated. The complaint also alleges that by refusing to defend, Fireman's breached the agreement. At the pleading stage, this is sufficient explanation of the grounds for alleged breach. The complaint identifies the underlying claims against the Streibichs and discusses those claims. This is sufficient specification of the claims which the Trust alleges gave rise to the duty to defend. Also, contrary to Fireman's assertion, the complaint identifies, by section number, the provisions of the UTPA allegedly violated. Finally, the complaint alleges that Fireman's refusal to defend was wrongful. An alleged breach of a contract is, by definition, an assertion of wrongful conduct. In sum, the complaint provides a short and plain statement of the Trust's claims and supplies enough facts to allow the court to draw a reasonable inference that Fireman's is liable for the alleged misconduct.

Furthermore, the complaint is not "so vague or ambiguous" that Fireman's "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Fireman's reply brief sets out each reason why it originally denied coverage. From this alone, it is clear that Fireman's has sufficient information to prepare a responsive pleading and defend this case. Any remaining ambiguity about the details of the Trust's

allegations can be addressed in discovery.  Thus, there is no grounds for ordering the Trust to provide a more definite statement.

Accordingly, IT IS ORDERED that the motion (doc. 4) is DENIED.

Dated this 30th day of September, 2013.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court